RECEIVED JUL 1 5 2022

Duval L. Kamara
3214 Mace Avenue
Wall Lake, Iowa 51466
Phone: 201-268-8775

July 12, 2022

Clerk, U.S. District Court
320 6th Street, Room 301
Sioux City, Iowa 51101
**Case No. C21-4031-LTS-KEM**

To Whom It May Concern:

    I am writing this letter to notify you of a settlement agreement between myself, Duval L. Kamara (Plaintiff), and American Express (Defendant). Attached are copies of the settlement agreement. Please proceed with a motion to dismiss with prejudice. Once the motion is granted, please forward me a copy as proof for my records.
If you have any questions or concerns, please contact me directly at 201-268-8775.

Respectfully,

*[signature]*
Duval L. Kamara

DocuSign Envelope ID: C09C04FB-F0EE-47B1-872E-DFE1CB35958B

# CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release (the "Agreement") is entered into between Duval Kamara (hereinafter "Plaintiff") and American Express National Bank (hereinafter "American Express" and, collectively with Plaintiff, the "Parties").

## RECITALS

WHEREAS, on or about May 26, 2022, Plaintiff filed a Complaint in the United States District Court for the Northern District of Iowa- Western Division (the "Court") styled *Duval Lenell Kamara v. American Express, et al.*, 21-CV-4031-LTS-KEM alleging a violation of the Fair Credit Reporting Act (the "Action").

WHEREAS, Plaintiff is the Basic Card Member for the following American Express accounts in dispute: American Express Green Card ending in #8-2008 (the "Account"). The Account is closed and cancelled.

WHEREAS, the Account has an outstanding balance of $1,497.06.

WHEREAS, American Express denies any liability in connection with the Action or the Accounts.

WHERAS, the Parties desire to fully resolve this dispute concerning the claims that were asserted or that could have been asserted in the Complaint or with respect to the Accounts.

NOW, THEREFORE, it is hereby agreed by and between Plaintiff and American Express that:

### I. Effective Date

This Agreement will become effective when fully executed by both Parties ("Effective Date).

### II. Consideration

#### A. Obligations of Plaintiff

1. **Dismissal of Complaint with Prejudice:** Within 5 days of Plaintiff's receipt of the Settlement Payment, Plaintiff or her attorneys shall file with the Court a Notice of Dismissal with Prejudice as to American Express, and any other appropriate pleading(s)/paper(s) or stipulation as may be necessary to effectuate a full and complete dismissal of the Complaint against American Express with prejudice. Plaintiff or her attorneys shall notify and provide American Express a copy of said Notice

DocuSign Envelope ID: C09C04FB-F0EE-47B1-872E-DFE1CB35958B

of Dismissal with Prejudice of American Express to Eddie.L.Holiday@aexp.com and Donielle.C.Riedlinger@aexp.com.

2. **Account:** The Account is closed, shall remain closed and Plaintiff shall not seek to reopen the Account. Plaintiff understands and acknowledges that this Agreement otherwise does not release him from any obligations with respect to any other past, current, or future accounts that he may have with American Express.

B. <u>**Obligations of American Express**</u>

1. **Release of Liability:** Within thirty (30) days of the Effective Date, American Express shall release Plaintiff from liability for the American Express Green Card Account ending in #8-2008 in the amount of One Thousand, Four Hundred, and Ninety-Seven Dollars and Six Cents ($1,497.06).

2. **Settlement Payment:** American Express shall issue an ACH transfer in the amount of Two Thousand, Five Hundred Dollars and Zero Cents ($2,500.00) ("Settlement Payment"), made payable to the Plaintiff as full and final settlement of all claims that were brought or could have been brought, including attorneys' fees and costs, in the above referenced Action. The ACH transfer shall be issued within (30) days of the receipt by the American Express General Counsel's Organization, center for Card Member & Merchant Litigation via email to Eddie.L.Holiday@aexp.com and Donielle.C.Riedlinger@aexp.com of the following: (1) this Agreement executed by all Parties below; and (2) the executed W-9 form (October 2018 version) which includes the tax identification number and/or social security number for Plaintiff, and (3) a completed copy of the Electronic Deposit Authorization Form attached hereto and incorporated herein as "Exhibit A." Plaintiff understands that American Express shall not process the settlement obligations until the completed and signed Agreement, completed and signed Forms W-9 and completed Electronic Deposit Authorization Form are received by American Express from Plaintiff.

3. **Request for Deletion of Reporting:** Within thirty (30) days of receipt of the executed Agreement and requested Form W-9 set forth in Paragraph II B (1) to American Express via email to Eddie.L.Holiday@aexp.com and Donielle.C.Riedlinger@aexp.com and American Express confirming the following credit reporting bureaus requesting that they delete any information relating to the Accounts: Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union-LLC. In the unlikely event negative information regarding the accounts are inadvertently reported to the credit reporting bureaus identified herein, Plaintiff agrees to give American Express written

DocuSign Envelope ID: C09C04FB-F0EE-47B1-872E-DFE1CB35958B

notice of such report and thirty days to request that the credit reporting bureaus remove such information. The notice shall be sent to American Express General Counsel's Office, 1801 N.W. 66th Avenue, Suite 103, Mail Code- FL05-03-58, Plantation, Florida 33313. It is expressly agreed and stipulated by and between the Parties and American Express's sole obligation with respect to Plaintiff's credit history and credit history reporting agencies to which American Express reports, and that American Express has not and cannot make representations or guarantees as to the speed with which each of the credit reporting agencies will comply with such notification and request from American Express, if at all.

4. **Tax Information Reporting**: Plaintiff acknowledges and agrees that American Express will report this settlement to the Internal Revenue Service as required by law. American Express cannot provide tax advice. Should Plaintiff have any questions or concerns regarding the tax treatment of the settlement, Plaintiff should consult with a tax advisor.

### III. Release by Plaintiff

For the good and valuable consideration as set forth herein, Claimant agrees to and hereby does release American Express National Bank and its affiliated companies (including but not limited to, American Express Company and American Express Travel Related Services Company, Inc.), their directors, officers, agents, employees, representatives, servants, attorneys, predecessors, successors, assigns, subsidiaries, parent, and affiliated entities, from any and all claims, actions, causes of action, demands, liabilities, or obligations of any nature or kind, whether at present known or unknown, upon or by reason of any damage, loss or injury, which heretofore has been or which hereafter may be sustained by the undersigned, or for any other matters whatsoever from the beginning of the world to the Effective Date including, but not limited to, the subject matter of the Action filed on May 26, 2022 and the Accounts. Claimant further agrees that he will not file any claims, complaints, subpoenas, affidavits, arbitrations and/or proceedings with any court, arbitration forum, regulatory or administrative agency ("Proceedings") with respect to the matter released in this Agreement against shall promptly be dismissed or withdrawn, with prejudice. This Agreement is intended to resolve forever the entire disagreement between Claimant and American Express, and its affiliated entities, all of which are intended as beneficiaries of this release and entitled to enforce it.

Claimant acknowledges that he may hereafter discovery facts different from, or in addition to, those which he now claims or believes to be true with respect to the claims released herein, and agrees that this Agreement shall be and remain effective in all respects notwithstanding the discovery of such different or additional facts

DocuSign Envelope ID: C09C04FB-F0EE-47B1-872E-DFE1CB35958B

## IV. General Provisions

### A. Warranties by Plaintiff

Plaintiff represents and warrants that he has not assigned, transferred, or attempted to transfer, any claim or claims against American Express and that no other person or legal entity has any interest in any such claim or claims. Plaintiff agrees to indemnify and hold American Express harmless from any and all liabilities, claims, demands, obligations, damages, costs, expenses and attorneys' fees arising from or related to any claim which, if true, would constitute a breach of this representation and warranty.

### B. Breach

In the event that either Party materially breaches this Agreement, each Party will be entitled to pursue damages for each occurrence of material non-compliance with this Agreement and any additional attorneys' fees and court costs incurred as a result of such breach and in enforcing the Party's right(s) under this Agreement.

### C. Authority

Each Party represents and warrants that he/it has the full right, and legal capacity and authority to enter into this Agreement and carry out the obligations noted herein and that the person executing this Agreement on its behalf has full authority and capacity to execute this Agreement.

### D. No Admission of Liability

This Agreement affects the settlement of claims which are denied and contested, and nothing contained in this Agreement will be construed as an admission by American Express, or its affiliated entities, of any liability or wrongdoing. Plaintiff alleged damages as defined in 26 U.S.C. § 104(a)(2), but the parties have resolved the matter without determining liability.

### E. Confidentiality

Plaintiff expressly understands and agrees that the terms and provisions of this Agreement and its content, and the negotiations leading up to this settlement, and the existence of the Agreement itself are strictly confidential in nature (hereinafter "Confidential Matters") and shall not be disclosed or published by Plaintiff for any reason, except to his attorney or tax professional, spouse, or if he shall become legally compelled by operation of law. If Plaintiff shall become legally compelled to disclose the Confidential Matters, he will promptly provide written notice to American Express General Counsel's Organization, the Center for Cardmember and Merchant Litigation via email to: centerforcardmemberandmerchantlitigationgroup@aexp.com prior to disclosure

DocuSign Envelope ID: C09C04FB-F0EE-47B1-872E-DFE1CB35958B

and will cooperate with American Express' reasonable efforts to obtain a protective order or other confidential treatment of the Confidential Matters or Agreement and its contents. If a protective order or other confidential treatment is not obtained or if American Express waives any portion of this provision, Plaintiff agrees to furnish only so much of the Agreement or its contents as is legally required and, where appropriate, to exercise his best efforts to obtain written assurance that confidential treatment will be accorded to the Confidential Matters and this Agreement and its contents.

### F. Non-Disclosure

Plaintiff therefore agrees for himself, his agents, attorneys, spouse, successors, heirs, administrators, representatives and assigns, and all related or affiliated persons, that he shall not directly or indirectly disclose, divulge, communicate, display, publish, or reveal the Confidential Matters defined herein through any medium, either orally or in writing, including, but not limited to, electronic mail, television or radio, computer networks or Internet bulletin boards, blogs, travel websites, social media, such as Facebook, LinkedIn, Instagram, Snapchat, or Twitter, or any other form of communication to any third party whatsoever including without limitation, any party to an administrative action, arbitration, mediation, or litigation against American Express or its affiliates except as follows: the Plaintiff's attorneys or tax professionals retained by him, Plaintiff's spouse, any federal, state, or local government taxing or regulatory authority, any governmental agency when such disclosure is required by federal, state, or local law, including tax laws, and except as required by law or order of court.

With respect to each of the limited exceptions set forth herein, Plaintiff understands and agrees that he shall inform the persons to whom he discloses information regarding the Confidential Matters or this Agreement of the confidential nature of this Agreement and shall use reasonable efforts to ensure that such persons hall agree to maintain the confidentiality of such Confidential Matters in accordance with the terms hereof. Plaintiff acknowledges and agrees that he shall be liable for any breaches of confidentiality by any persons identified in the limited exceptions set forth above to whom information concerning the Confidential Matters or this Agreement is disclosed.

### G. Non-Disparagement

Plaintiff agrees that he will not, in any manner, directly or indirectly, expressly or by inuendo, disparage, scorn or deprecate American Express, or its affiliated entities regarding the matters that are the subject of the Action at any time, now or in the future, for any reason whatsoever. Nothing contained in this paragraph shall prevent Plaintiff from discussing facts already contained in the Court file, so long as the Plaintiff does not disparage American Express and/or is not in violation of the Confidentiality and Non-Disclosure paragraphs as set forth above.

DocuSign Envelope ID: C09C04FB-F0EE-47B1-872E-DFE1CB35958B

### H. Attorneys' Fees and Costs

Each of the Parties will be his/its own fees, costs and expenses incurred in connection with the dispute between the Parties which are the subject of, or related to, this Agreement, including, without limitations, the negotiation, drafting and consummation of this Agreement.

### I. Entire Agreement

This Agreement contains the entire agreement and understanding between the Parties concerning the subject matter. No provision of this Agreement may be waived unless in writing and signed by all parties. This Agreement may not be altered, amended, or otherwise changed or modified, except in writing and signed by all Parties.

### J. Choice of Law and Jurisdiction

This Agreement shall be governed by the laws of the State of Iowa without regard to choice of law rules.

### K. Legal Advice

Each Party has had the opportunity to consult with independent legal counsel with respect to the advisability of making this Agreement. Each Party has read and fully understands all of the provisions of this Agreement and is voluntarily entering into this Agreement.

### L. Severability

If any part of this Agreement is void or otherwise invalid, such invalid or void portion will be deemed to be separate and severable from the balance of this Agreement, and will be given full force and effect as though the void or invalid provisions had never been a part of this Agreement.

### M. Construction

Each term and provision of this Agreement shall be construed and interpreted so as to render it enforceable. This Agreement shall be deemed to have been drafted jointly by the Parties; accordingly, any rule pertaining to the construction of contracts to the effect that ambiguities are to be resolved against the drafting party shall not apply to the interpretation of this Agreement or of any modification of or amendment to this Agreement.

DocuSign Envelope ID: C09C04FB-F0EE-47B1-872E-DFE1CB35958B

### N. Execution in Counterparts

This Agreement may be executed in counterparts and all counterparts collectively will constitute one agreement binding on all Parties.

### O. Electronic Signatures

Faxed and emailed signatures shall be deemed originals.

# [INTENTIONALLY LEFT BLANK]

DocuSign Envelope ID: C09C04FB-F0EE-47B1-872E-DFE1CB35958B

**I HAVE READ THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE AND DECLARE UNDER PENALTY OF PERJURY THAT I ACCEPT ALL OF THE TERMS AND CONDITIONS HEREIN.**

| 7/12/2022 | *Duval Kamara* (DocuSigned) |
|---|---|
| DATED | Duval Kamara |

| 7/12/2022 | *Donielle Riedlinger* (DocuSigned) |
|---|---|
| DATED | |

By: _____
Donielle Riedlinger
As an authorized representative
of American Express

3214 Howe Ave
Wall Lake, IA 57466

Clerk, U.S. District Court
320 6th Street, Room 301
Sioux City, Iowa 51101

DES MOINES IA 500
12 JUL 2022 PM 2 L

XRAYED US MARSHALS SERVICE

7/12/22
SYX